UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Petitioner,

v.

Case Number: 2:22-10475
HONORABLE SEAN F. COX

SHERMAN CAMPBELL

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Van Jenkins is a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, pursuant to convictions for three counts of breaking and entering and four counts of receiving stolen property. Jenkins has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He does not challenge the convictions for which he is currently incarcerated. Instead, Jenkins challenges his 2013 convictions for possession of burglar tools, Mich. Comp. Laws § 750.116, and two counts of stealing or retaining a financial transaction device, Mich. Comp. Laws § 750.157n(1). The Court lacks jurisdiction over Jenkins' claims because he

---

[1] Jenkins' petition also includes a single, handwritten reference to 28 U.S.C. § 1455(c). (*See* ECF No. 1, PageID.1.) Section 1455 concerns the procedure for removal of criminal prosecutions from state to federal court and provides that where a criminal case has been removed to federal court, the federal court may issue a writ of habeas corpus to give the United States marshal custody of a defendant. *See* 28 U.S.C. § 1455(c). Because Jenkins' state-court criminal case has not been removed to this Court, § 1455(c) is inapplicable.

is no longer in custody pursuant to the state-court judgment challenged in this petition. The petition will be DENIED.

## I. Background

Jenkins pleaded guilty in Wayne County Circuit Court to possession of burglar's tools and two counts of stealing or retaining a financial transaction device. On October 22, 2013, he was sentenced to two years probation. Jenkins was discharged from probation on August 25, 2015. *See* 8/25/2015 Dkt. Entry, *People v. Jenkins*, No. 13-004964-01-FH (Wayne County Cir. Ct.).

Jenkins filed an application for leave to appeal in the Michigan Court of Appeals. On March 6, 2014, the Michigan Court of Appeals denied leave to appeal. *People v. Jenkins*, No. 320114 (Mich. March 6, 2014). The Michigan Supreme Court also denied leave to appeal. *People v. Jenkins*, No. 149051 (Mich. July 29, 2014).

On February 25, 2022, Jenkins filed this habeas petition, raising the following claims: (i) the trial court failed to advise him about the parole consequences of pleading guilty; (ii) he is entitled to specific performance of the plea agreement; (iii) he received ineffective assistance of counsel; and (iv) police performed an illegal search and seizure of his vehicle.

## II. Standard

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

### III. Discussion

The pending habeas petition will be dismissed under Rule 4, because Jenkins fails to satisfy 28 U.S.C. § 2254's "in custody" requirement. For a federal court to have jurisdiction over a habeas corpus petition filed under § 2254, the petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). The custody requirement is jurisdictional: "if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). Courts determine whether a person is "in custody" at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Jenkins' sentence for possession of burglar's tools and stealing or retaining a financial transaction device expired in 2015, when he was discharged from probation. He, therefore, is no longer in custody for the expired convictions and may not maintain a habeas petition challenging them.

### IV. Certificate of Appealability

Before Jenkins may appeal the dismissal of his habeas petition, he must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Where

a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that "jurists of reason": would not debate its conclusion that Jenkins fails to satisfy the "in custody" requirement. The Court therefore denies a certificate of appealability.

### V. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus and a certificate of appealability are DENIED.

Further, IT IS ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED because an appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a).

SO ORDERED.

>
> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: April 5, 2022