UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Petitioner,                      Case Number: 2:22-10475
                                                  HONORABLE SEAN F. COX

v.

SHERMAN CAMPBELL

        Respondent.
_____/

**ORDER DENYING PETITIONER'S
MOTION FOR REHEARING AND FOR APPOINTMENT OF COUNSEL**

Petitioner Van Jenkins filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In an Opinion and Order dated April 5, 2022, the Court denied the petition and declined to issue a certificate of appealability. (*See* ECF No. 6.) Now before the Court is Petitioner's motion for rehearing or reconsideration and for appointment of counsel. (ECF No. 8.)

Petitioner maintains that the Court erred in holding that he is no longer in custody pursuant to the state-court judgment challenged in the petition. The Court first determines the proper standard of review. Because the Court has entered a judgment in this case, the Court will construe the motion for reconsideration as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See* E.D. Mich. LR 7.1(h)(1) ("Motions for Rehearing or Reconsideration[:] ... Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).").

"The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted). "A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A Rule 59 motion may not be used to relitigate issues of disagreement with the Court's final ruling. *See, e.g., Howard*, 533 F.3d at 475 (Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case' ").

The arguments set forth by Petitioner in support of his motion for reconsideration do not satisfy the standards under which Rule 59(e) motions may be granted. Petitioner does not argue that an intervening change in the law or newly discovered evidence requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Petitioner's arguments also do not show a need to prevent manifest injustice. Instead, Petitioner merely restates the same claims and arguments already ruled upon by the Court. Thus, Petitioner has failed to show entitlement to relief under Rule 59(e).

Petitioner also seeks the appointment of counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that a habeas petitioner is not entitled to the appointment of counsel to

assist in habeas corpus proceedings).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Because the Court denied habeas relief and a certificate of appealability, the Court finds no justification for appointing counsel in this closed case.

      Accordingly, IT IS ORDERED that Petitioner's motion for reconsideration or rehearing and for appointment of counsel (ECF No. 8) is DENIED.

                                      s/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated:  July 12, 2022